IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| XL SPECIALTY INSURANCE CO. <br> a/s/o MICHAEL PORT <br> 505 Eagleview Boulevard <br> Exton, Pennsylvania 19341 | * <br> * <br> * | |
| Plaintiff | * | |
| vs. | * | Case No. |
| JEANNEAU AMERICA INC. <br> 105 Eastern Avenue, #203 <br> Annapolis, Maryland 21403 | * <br> * | |
| SERVE ON: <br> CSC-LAWYERS INCORPORATING <br> SERVICE <br> 7 St. Paul Street, Suite 820 <br> Baltimore, Maryland 21202 | * <br> * <br> * | |
| and | * | |
| PRESTIGE LUXURY MOTOR YACHTS <br> 105 Eastern Avenue, #203 <br> Annapolis, Maryland 21403 | * <br> * | |
| SERVE ON: <br> CSC-LAWYERS INCORPORATING <br> SERVICE <br> 7 St. Paul Street, Suite 820 <br> Baltimore, Maryland 21202 | * <br> * <br> * | |
| and | * | |
| CHESAPEAKE YACHT CENTER, LLC <br> 1014 Cromwell Bridge Road <br> Baltimore, Maryland 21286 | * <br> * | |

<pre>
SERVE ON:                                    *
Ryan Dobb, Resident Agent
Chesapeake Yacht Center, LLC                 *
1014 Cromwell Bridge Road
Baltimore, Maryland 21286                    *

                         Defendants          *

*     *     *     *     *     *     *     *     *     *     *     *
</pre>

## COMPLAINT

Plaintiff, XL Specialty Insurance Company a/s/o Michael Port, by and through its attorneys, West & West, LLC, and Casey & Barnett, LLC, brings this action and alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

2. Venue is predicated herein upon 28 U.S.C. §1391 in that one or more of the defendants resides within the District and that the events giving rise to this action occurred within the District.

3. At all material times, XL Specialty Insurance Company (hereafter "XL" or "Plaintiff"), was, and is, a corporation organized and existing by virtue of the laws of the State of Delaware with its principal place of business in Stamford, Connecticut. XL is the subrogated underwriter of Michael Port (hereafter "Mr. Port"), the owner of the HOME PORT, a 2015 55' Prestige motor-vessel (hereafter "the Vessel") bearing hull identification number IRIRT048G415, which is the subject matter of this action.

4. At all material times, defendant, Jeanneau America, Inc. (hereafter "Jeanneau"), was, and is, a corporation duly organized and existing pursuant to the laws of the State of

Delaware, with an office and place of business located at 105 Eastern Ave # 203, Annapolis, Maryland 21403. Jeanneau was, and is, engaged in the business of designing, manufacturing, and marketing motor vessels for sale to the public.

5. At all material times, defendant, Prestige Luxury Motor Yachts, (hereafter "Prestige"), was, and is, a foreign corporation with a place of business located at 105 Eastern Avenue, Suite 203, Annapolis, Maryland 21403. At all times relevant, Prestige was, and is, engaged in the business of designing, manufacturing, and marketing motor vessels for sale to the public.

6. At all material times, Chesapeake Yacht Center, LLC (hereafter "Chesapeake Yacht"), was, and is, a business entity duly organized and existing pursuant to the laws of the State of Maryland, with a place of business located at 1014 Cromwell Bridge Road, Baltimore, Maryland 21286 and was, and is, engaged in the business of selling motor vessels to the public.

## RELEVANT FACTS

7. In May 2016, Mr. Port took delivery of a new 2015 55' Prestige motor-vessel (hereinafter "the Vessel") that he purchased from Defendant, Chesapeake Yacht Center, LLC.

8. Shortly after taking delivery, Mr. Port experienced numerous electrical issues with the Vessel including, but not limited to, failure of the battery chargers, which necessitated replacement of the vessel's batteries and battery chargers.

9. On or about August 31, 2016, the Vessel was berthed at the Osprey Point Marina in Rock Hall, Maryland.

10. At approximately 10:06 a.m. on August 31, 2016, a fire occurred in the aft compartment of the Vessel.

11. At the time of the aforesaid fire, the Vessel was secured in her berth at Osprey Point Marina. No persons were aboard. Upon information and belief, for the two week period prior to the fire, the Vessel had remained tied up at her berth without being manned or operated.

12. Upon information and belief, the fire was caused due to an electrical defect within the Vessel.

13. As a result of the fire, the Vessel and Mr. Port's personal property on board sustained heavy fire damages and were declared a constructive total loss.

14. Following the fire, XL, as the underwriter for Mr. Port and the Vessel, paid Mr. Port for the value of the Vessel and his personal property. As such, XL became subjugated to the rights of Mr. Port and, XL brings this action on behalf of and for all parties who may be or may become interested in the Vessel herein referred, as their respective interests may appear.

## COUNT ONE
## BREACH OF CONTRACT
### (Chesapeake Yacht)

15. Defendant, Chesapeake Yacht, holds itself out to the public as a dealer of recreational vessels for sale to the public.

16. Mr. Port contracted with Defendant, Chesapeake Yacht, for the purchase of a new 2015 55' Prestige motor-vessel.

17. Plaintiff paid good and valuable consideration for the Vessel and performed all conditions precedent to the contract with Chesapeake Yacht.

18. The Vessel sold to Mr. Port by Defendant, Chesapeake Yacht, failed to properly operate and perform as represented by the Defendant.

19. The Vessel sold to Mr. Port was unreasonably dangerous and defective, which resulted in the Vessel igniting on fire and being destroyed.

20. As a result of the foregoing, Defendant, Chesapeake Yacht, breached the contract of sale with Mr. Port.

21. By reason of the foregoing, Plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $1,350,000.

## COUNT TWO
## BREACH OF EXPRESS and IMPLIED WARRANTIES
### (Jeanneau, Prestige and Chesapeake Yacht)

22. Plaintiff repeats and incorporates each and every allegation set forth at length in paragraphs 1 through 21.

23. At all relevant times, Defendants, Jeanneau, Prestige, and Chesapeake Yacht, were in the business of manufacturing, marketing, selling and/or distributing motor boats for purchase by the public and knew, or had reason to know, of Mr. Port's purchase and intended use of the Vessel.

24. During the course of dealings between Mr. Port and the Defendants and/or their agents, which ultimately resulted in the purchase of the Vessel by Mr. Port, various express and/or implied warranties were communicated and/or extended to Mr. Port by the Defendants and/or provided by law in connection with the purchase of the Vessel.

25. At all relevant times, the Defendants expressly and /or impliedly warranted, *inter alia*, that the Vessel was suitable for its intended use as pleasure craft, merchantable, free from faulty materials, constructed according to sound engineering standards, free from defects, and constructed in a workmanlike manner.

26. Mr. Port purchased the Vessel based upon the Defendants' representations and express and implied warranties concerning the quality and condition of the Vessel.

5

27. The Defendants breached the express and implied warranties applicable to the Vessel and, as a direct result, the Vessel sustained a fire and was rendered a total loss.

28. At all times relevant hereto, a contract of insurance for hull and personal property damage was in effect between Mr. Port and XL, which provided coverage for, among other things, loss or damage to the Vessel and Mr. Port's personal property.

29. Pursuant to the aforementioned contract of insurance between Mr. Port and XL, monies have been expended on behalf of Mr. Port to the detriment of XL due to the damages sustained.

30. XL has sustained damages as a result of the expenditures to Mr. Port to cover the losses he sustained which were caused by the failures of the Defendants. Accordingly, XL has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the Defendants.

31. By reason of the foregoing, Plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $1,350,000.

## COUNT THREE
### NEGLIGENCE
**(Jeanneau, Prestige and Chesapeake Yacht)**

32. Plaintiff repeats and incorporates each and every allegation set forth above in paragraphs 1 through 31.

33. Defendants owed a duty to Mr. Port, and by way of subrogation to XL, to properly design, fabricate, and manufacture the Vessel sold to Mr. Port with reasonable care to avoid undue danger or risk of hazard to the either the Vessel or Mr. Port's property.

34. Defendants breached its duty of care to Plaintiff and were negligent.

35. The damage suffered by Plaintiff was directly and proximately caused by Defendants' negligent, careless and/or reckless manufacture, fabrication, and/or design of the Vessel.

36. The damages suffered by Plaintiffs do not ordinarily occur in the absence of someone's negligence.

37. The damages suffered by Plaintiffs were not due to any fault or action on the part of Plaintiff.

38. By reason of the foregoing, Plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $1,350,000.

## COUNT FOUR
## STRICT PRODUCT LIABILITY
### (Jeanneau, Prestige, and Chesapeake Yacht)

39. Plaintiff repeats the allegations set forth above in paragraphs 1 through 38 as if set forth herein in full.

40. At all times material to this action, Defendants were engaged in the business of designing, manufacturing, marketing, distributing and/or selling recreational motor vessels to the general public.

41. The subject Vessel was delivered to Mr. Port without substantial change in the condition in which it was designed, marketed, manufactured, distributed, and/or sold by the Defendants.

42. Defendants owed a duty of care to Mr. Port and, Plaintiff, by way of subrogation, to design, manufacture, distribute, and sell a Vessel that was free from defects and fit for its intended purpose.

43. The Vessel, which was designed, manufactured, marketed distributed, and/or sold by Defendants, was not fit and sufficient for the purpose for which it was intended and was not, among other things, of proper, adequate and sufficient design and workmanship, or free from material defects.

44. The defects in the Vessel rendered the Vessel dangerous, defective, and unfit for its intended use.

45. As a direct result of the dangerous and defective condition of the Vessel, the Vessel and Mr. Port's personal property were destroyed by fire.

46. The damages sustained by Plaintiff, as a result of the defective Vessel, were not caused or contributed to in any manner by Mr. Port.

47. By reason of the foregoing, Plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $1,350,000

**WHEREFORE**, Plaintiff prays:

This Court grant it a judgment against Defendants, Jeanneau America Inc., Prestige Luxury Motor Yachts and Chesapeake Yacht Center jointly and severally in the amount of at least $1,350,000 plus prejudgment interest from August 31, 2016, and post judgment interest on the judgment at the rate allowed by law, together with all costs of Court, and such other further general and equitable relief as this Court, sitting in Admiralty, may deem proper.

Dated:   August 31, 2018         *John H. West III*
                                 John H. West III, Esq. (Federal Bar No. 00274)
                                 West & West, LLC
                                 409 Washington Avenue, Suite 1010
                                 Baltimore, MD 21204
                                 Tel.: 410-296-4655

                                 and

                                 *Christopher M. Schierloh*
                                 Christopher M. Schierloh
                                 Casey & Barnett, LLC
                                 305 Broadway, Suite 1202
                                 New York, New York 10007
                                 Tel.: 212-286-0225
                                 (*Pro Hac Vice forthcoming*)

                                 *Attorneys for Plaintiff*
                                 *XL Specialty Insurance Co.*