UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore)

XL SPECIALTY INSURANCE CO.
a/s/o MICHAEL PORT,

    Plaintiff,

vs.                                                        Case No. 1:18-cv-02703-CCB

JEANNEAU AMERICA, INC. *et al.*,

    Defendants.

                                                       /

### JEANNEAU AMERICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Jeanneau America, Inc., Defendant (hereinafter referred to as "Jeanneau"), by Hartman, Attorneys at Law, and C. Edward Hartman, III, its attorneys, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint, and state as follows:

### ANSWER

1. As to the averments of paragraph 1, Jeanneau admits that Plaintiff, XL Specialty Insurance Company a/s/o Michael Port (hereinafter referred to as "Plaintiff"), filed an admiralty and maritime claim. Jeanneau denies any and all liability for the claims asserted by Plaintiff in the above-captioned case. Jeanneau further denies that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1333 and general maritime law of the United States.

2. As to the averments of paragraph 2, Jeanneau does not object to venue.

3. As to the averments of paragraph 3, Jeanneau lacks sufficient knowledge to either admit or deny, and these averments are therefore denied.

4. As to the averments of paragraph 4, Jeanneau admits the averments.

5. As to the averments of paragraph 5, Jeanneau denies the averments. Prestige Luxury Motor

Yachts is not a separate entity, but a trade name used by Jeanneau. Jeanneau admits that it is the manufacturer of Prestige vessels. The vessel at issue carries the trade name, "Prestige." As such, Prestige Luxury Motor Yachts should not be a party to the above-captioned case.

6. As to the averments of paragraph 6, Jeanneau lacks sufficient knowledge to either admit or deny, and these averments are therefore denied.

## RELEVANT FACTS

7. As to the averments of paragraph 7, Jeanneau lacks sufficient knowledge to either admit or deny, and these averments are therefore denied.

8. As to the averments of paragraph 8, Jeanneau denies the averments.

9. As to the averments of paragraph 9, Jeanneau lacks sufficient knowledge to either admit or deny, and these averments are therefore denied.

10. As to the averments of paragraph 10, Jeanneau lacks sufficient knowledge to either admit or deny, and these averments are therefore denied.

11. As to the averments of paragraph 11, Jeanneau lacks sufficient knowledge to either admit or deny, and these averments are therefore denied.

12. As to the averments of paragraph 12, Jeanneau denies the averments.

13. As to the averments of paragraph 13, Jeanneau denies the averments.

14. As to the averments of paragraph 14, Jeanneau lacks sufficient knowledge to either admit or deny, and these averments are therefore denied. Jeanneau denies any and all liability for the claims asserted by Plaintiff in the above-captioned case. Jeanneau denies any liability for the alleged acts, omissions, conduct and/or negligence of the co-defendant, Chesapeake Yacht Center, LLC (hereinafter referred to as "Chesapeake Yacht"), and/or Chesapeake

Yacht's agents or representatives, and/or any other person(s) or entity/entities.

## COUNT ONE
## BREACH OF CONTRACT
### (Chesapeake Yacht)

15. In response to paragraph 15, Jeanneau incorporates its responses to the averments of paragraphs 1-14. To the extent that Jeanneau did not respond to a specific averment, it is expressly denied.

16. In response to the averments of paragraph 16, the averments of Count One are against co-defendant Chesapeake Yacht and do not warrant a response from Jeanneau. To the extent a response is necessary, Jeanneau denies any and all liability to Plaintiff and denies all averments of Count One to the extent that it re-alleges facts previously denied. Jeanneau incorporates the foregoing paragraphs by reference as though fully set forth herein. Jeanneau denies any liability for the alleged acts, omissions, conduct and/or negligence of Chesapeake Yacht, and/or Chesapeake Yacht's agents or representatives, and/or any other person(s) or entity/entities.

17. In response to the averments of paragraph 17, the averments of Count One are against co-defendant Chesapeake Yacht Center, LLC (hereinafter "Chesapeake Yacht") and do not warrant a response from Jeanneau. To the extent a response is necessary, Jeanneau denies any and all liability to Plaintiff and denies all averments of Count One to the extent that it re-alleges facts previously denied. Jeanneau incorporates the foregoing paragraphs by reference as though fully set forth herein. Jeanneau denies any liability for the alleged acts, omissions, conduct and/or negligence of Chesapeake Yacht, and/or Chesapeake Yacht's agents or representatives, and/or any other person(s) or entity/entities.

18. In response to the averments of paragraph 18, the averments of Count One are against co-

defendant Chesapeake Yacht Center, LLC (hereinafter "Chesapeake Yacht") and do not warrant a response from Jeanneau. To the extent a response is necessary, Jeanneau denies any and all liability to Plaintiff and denies all averments of Count One to the extent that it re-alleges facts previously denied. Jeanneau incorporates the foregoing paragraphs by reference as though fully set forth herein. Jeanneau denies any liability for the alleged acts, omissions, conduct and/or negligence of Chesapeake Yacht, and/or Chesapeake Yacht's agents or representatives, and/or any other person(s) or entity/entities.

19. In response to the averments of paragraph 19, the averments of Count One are against co-defendant Chesapeake Yacht Center, LLC (hereinafter "Chesapeake Yacht") and do not warrant a response from Jeanneau. To the extent a response is necessary, Jeanneau denies any and all liability to Plaintiff and denies all averments of Count One to the extent that it re-alleges facts previously denied. Jeanneau incorporates the foregoing paragraphs by reference as though fully set forth herein. Jeanneau denies any liability for the alleged acts, omissions, conduct and/or negligence of Chesapeake Yacht, and/or Chesapeake Yacht's agents or representatives, and/or any other person(s) or entity/entities.

20. In response to the averments of paragraph 20, the averments of Count One are against co-defendant Chesapeake Yacht Center, LLC (hereinafter "Chesapeake Yacht") and do not warrant a response from Jeanneau. To the extent a response is necessary, Jeanneau denies any and all liability to Plaintiff and denies all averments of Count One to the extent that it re-alleges facts previously denied. Jeanneau incorporates the foregoing paragraphs by reference as though fully set forth herein. Jeanneau denies any liability for the alleged acts, omissions, conduct and/or negligence of Chesapeake Yacht, and/or Chesapeake Yacht's agents or representatives, and/or any other person(s) or entity/entities.

21. In response to the averments of paragraph 21, the averments of Count One are against co-defendant Chesapeake Yacht Center, LLC (hereinafter "Chesapeake Yacht") and do not warrant a response from Jeanneau. To the extent a response is necessary, Jeanneau denies any and all liability to Plaintiff and denies all averments of Count One to the extent that it re-alleges facts previously denied. Jeanneau incorporates the foregoing paragraphs by reference as though fully set forth herein. Jeanneau denies any liability for the alleged acts, omissions, conduct and/or negligence of Chesapeake Yacht, and/or Chesapeake Yacht's agents or representatives, and/or any other person(s) or entity/entities.

### COUNT TWO
### BREACH OF EXPRESS and IMPLIED WARRANTIES
(Jeanneau, Prestige, and Chesapeake Yacht)

22. In response to the averments of paragraph 22, Jeanneau incorporates its responses to the averments of Paragraphs 1-21. To the extent that Jeanneau did not respond to a specific averment, it is expressly denied.

23. In response to the averments of paragraph 23, Jeanneau denies the averments.

24. In response to the averments of paragraph 24, Jeanneau denies the averments.

25. In response to the averments of paragraph 25, Jeanneau denies the averments.

26. In response to the averments of paragraph 26, Jeanneau denies the averments.

27. In response to the averments of paragraph 27, Jeanneau denies the averments.

28. In response to the averments of paragraph 28, Jeanneau lacks sufficient knowledge to either admit or deny, and these averments are therefore denied. Jeanneau denies any liability for the alleged acts, omissions, conduct and/or negligence of Chesapeake Yacht, and/or Chesapeake Yacht's agents or representatives, and/or any other person(s) or entity/entities.

29. In response to the averments of paragraph 29, Jeanneau lacks sufficient knowledge to either

admit or deny, and these averments are therefore denied. Jeanneau denies any liability for the alleged acts, omissions, conduct and/or negligence of Chesapeake Yacht, and/or Chesapeake Yacht's agents or representatives, and/or any other person(s) or entity/entities.

30. In response to the averments of paragraph 30, Jeanneau denies the averments.

31. In response to the averments of paragraph 31, Jeanneau denies the averments.

### COUNT THREE
### NEGLIGENCE
**(Jeanneau, Prestige, and Chesapeake Yacht)**

32. In response to the averments of paragraph 32, Jeanneau incorporates its responses to the averments of Paragraphs 1-31. To the extent that Jeanneau did not respond to a specific averment, it is expressly denied.

33. In response to the averments of paragraph 33, Jeanneau denies the averments.

34. In response to the averments of paragraph 34, Jeanneau denies the averments.

35. In response to the averments of paragraph 35, Jeanneau denies the averments.

36. In response to the averments of paragraph 36, Jeanneau denies the averments.

37. In response to the averments of paragraph 37, Jeanneau denies the averments.

38. In response to the averments of paragraph 38, Jeanneau denies the averments.

### COUNT FOUR
### STRICT PRODUCT LIABILITY
**(Jeanneau, Prestige, and Chesapeake Yacht)**

39. In response to the averments of paragraph 39, Jeanneau incorporates its responses to the averments of Paragraphs 1-38. To the extent that Jeanneau did not respond to a specific averment, it is expressly denied.

40. In response to the averments of paragraph 40, Jeanneau admits that it manufactures Prestige

vessels. Jeanneau denies any and all liability for the claims asserted by Plaintiff in the above-captioned case. Jeanneau denies any liability for the alleged acts, omissions, conduct and/or negligence of Chesapeake Yacht, and/or Chesapeake Yacht's agents or representatives, and/or any other person(s) or entity/entities.

41. In response to the averments of paragraph 41, Jeanneau lacks sufficient knowledge to either admit or deny, and these averments are therefore denied. Jeanneau denies any liability for the alleged acts, omissions, conduct and/or negligence of Chesapeake Yacht, and/or Chesapeake Yacht's agents or representatives, and/or any other person(s) or entity/entities.

42. In response to the averments of paragraph 42, Jeanneau denies the averments.

43. In response to the averments of paragraph 43, Jeanneau denies the averments.

44. In response to the averments of paragraph 44, Jeanneau denies the averments.

45. In response to the averments of paragraph 45, Jeanneau denies the averments.

46. In response to the averments of paragraph 46, Jeanneau denies the averments.

47. In response to the averments of paragraph 47, Jeanneau denies the averments.

48. To the extent that Jeanneau did not respond to a specific averment, it is expressly denied.

## AFFIRMATIVE DEFENSES

49. At the time and on the occasion in question, there was a failure on the part of Plaintiff and/or Michael Port to exercise the degree of care of an ordinarily prudent person under the same or similar circumstances, which failure proximately caused or contributed to cause any alleged damages.

50. Jeanneau would show that the alleged incident made the basis of this suit was proximately caused in whole or in part by some act and/or omission on the part of third persons over whom Jeanneau had no control and for whose actions and/or omissions Jeanneau is in no

way liable or responsible.

51. Jeanneau would show that the subject vessel was not in the same condition at all times relevant to the alleged incident as it was when it left Jeanneau's control and/or possession.

52. Jeanneau would show that the subject vessel was not in a defective state at the time it left the control and/or possession of Jeanneau and/or Chesapeake Yacht.

53. Jeanneau would show that the subject vessel was, after leaving the possession and control of Jeanneau, altered, modified, or changed without the knowledge and consent of Jeanneau, and that such modification, alteration, or change legally caused or contributed to the injury and damage alleged, if proven.

54. Plaintiff's claims are barred by the statute of limitations, and by the doctrines of laches, waiver, accord and satisfaction, and estoppel.

55. Pleading in the alternative and specifically denying Jeanneau's liability, Plaintiff's claims are barred because the cause of the alleged damages was the negligence and/or result of the conduct of Plaintiff and/or Michael Port. Jeanneau was not responsible for and had no control over the actions of Plaintiff and/or Michael Port. Jeanneau would also prove that the negligence and/or conduct of Plaintiff and/or Michael Port constitute an intervening and/or superseding cause of Plaintiff's alleged claims of which Jeanneau bears no liability for and had no control over.

56. Pleading in the alternative and specifically denying Jeanneau's liability, Plaintiff's claims are barred because the cause of the alleged damages was the negligence and/or result of a third party or third parties. Jeanneau was not responsible for and had no control over the actions of the third party or third parties. Jeanneau would also prove that the negligence and/or conduct of the third party or third parties constitute an intervening and/or

superseding cause of Plaintiff's alleged claims of which Jeanneau bears no liability for and had no control over.

57. Jeanneau denies any liability for the alleged acts, omissions, conduct and/or negligence of Chesapeake Yacht, and/or Chesapeake Yacht's agents or representatives, and/or any other person(s) or entity/entities.

58. Plaintiff fails to state a claim for which relief can be granted.

59. Jeanneau pleads the defense of assumption of the risk.

60. Plaintiff and/or Michael Port failed to give Jeanneau proper and timely notice of any alleged breach of warranty.

61. Plaintiff's claims and remedies, to the extent proven, are barred, in whole or in part, by the terms and operation of the purchase agreement and warranties.

62. Upon information and belief, Plaintiff at all times relevant to the allegations in the Complaint had a duty to mitigate damages, and Plaintiff has failed in this duty. Therefore, Plaintiff is barred from recovering any damages that he could have prevented in the exercise of reasonable care.

63. Plaintiff's claims are barred by the economic loss doctrine because no personal injury occurred and the Plaintiff alleges damages for loss of the subject vessel and its accessories only.

64. Any affirmative defenses not specifically stated herein are reserved and may be asserted by Jeanneau at a later date.

WHEREFORE, Jeanneau America, Inc. hereby requests that this Honorable Court:

    a. Deny the relief requested in Plaintiff's Complaint;

    b. Dismiss the Complaint with prejudice;

    c. Award Defendant Jeanneau America, Inc. attorney's fees, expenses and costs; and

    d. Grant such other and further relief as the nature of this cause may require.

Date: October 5, 2018

                           Respectfully submitted,

                           HARTMAN, Attorneys at Law

By:   /s/ C. Edward Hartman, III
       C. Edward Hartman, III, Bar No. 07716
       116 Defense Highway, Suite 300
       Annapolis, Maryland 21401-7047
       Telephone: (410) 266-3232
       Facsimile:  (410) 266-5561
       Email:       ed@hartman.law
       *Attorneys for Defendant Jeanneau America, Inc.*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October, 2018, I served a copy of the foregoing Defendant Jeanneau America, Inc's Answer and Affirmative Defenses to Plaintiff's Complaint by electronic filing, to:

John H. West, III
West & West, LLC
409 Washington Ave, Ste. 1010
Baltimore, Maryland 21204
jwest@westandwestllc.com
*Attorney for Plaintiff*

Christopher M. Schierloh
Casey and Barnett, LLC
305 Broadway, Ste. 1202
New York, New York 10007
cms@caseybarnett.com
*Attorney for Plaintiff*

Stephen M. Calder
Palmer Biezup and Henderson, LLP
190 N. Independence Mall West, Ste. 401
Philadelphia, Pennsylvania 19106
scalder@pbh.com
*Attorney for Defendant Chesapeake Yacht Center, LLC*

/s/ C. Edward Hartman, III
C. Edward Hartman, III, Bar No. 07716