## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

XL SPECIALTY INS. CO.    :  CIVIL ACTION
a/s/o/ MICHAEL PORT     :

   vs.         :  NO.  1:18-cv-2703 (CCB)

JEANNEAU AMERICA INC.   :

And            :

PRESTIGE LUXURY MOTOR YACHTS :

And            :

CHESAPEAKE YACHT CENTER, LLC :

## ANSWER OF CHESAPEAKE YACHT CENTER, LLC TO PLAINTIFF'S COMPLAINT

Defendant, Chesapeake Yacht Center, LLC, (hereafter "CYC"), by and through its undersigned counsel, hereby Answers Plaintiff's Complaint.

1.  The averments of paragraph 1 of Plaintiff's Complaint are denied as conclusions of law.

2.  The averments of paragraph 2 of Plaintiff's Complaint are denied as conclusions of law.

3.  Defendant CYC is without knowledge or information sufficient to justify a belief as to the truth of the averments of paragraph 3 of the Complaint, and therefore, denies the same and demands strict proof thereof.

4.  The averments of paragraph 4 of the Complaint are not directed to Defendant CYC.

5.  The averments of paragraph 5 of the Complaint are not directed to Defendant CYC.

6.    Admitted.

## RELEVANT FACTS

7.    Defendant CYC admits only that Mr. Port purchased a 2015 55 foot Prestige motor-yacht from CYC subject to the terms and conditions of the Marine Purchase Agreement.  CYC is without knowledge or information sufficient to justify a belief as to the truth of the remaining averments of paragraph 7 of the Complaint, and therefore, denies the same and demands strict proof thereof.

8.    CYC is without knowledge or information sufficient to justify a belief as to the truth of the averments of paragraph 8 of the Complaint, and therefore, denies the same and demands strict proof thereof.

9.    CYC is without knowledge or information sufficient to justify a belief as to the truth of the averments of paragraph 9 of the Complaint, and therefore, denies the same and demands strict proof thereof.

10.    CYC is without knowledge or information sufficient to justify a belief as to the truth of the averments of paragraph 10 of the Complaint, and therefore, denies the same and demands strict proof thereof.

11.    CYC is without knowledge or information sufficient to justify a belief as to the truth of the averments of paragraph 11 of the Complaint, and therefore, denies the same and demands strict proof thereof.

12.    CYC is without knowledge or information sufficient to justify a belief as to the truth of the averments of paragraph 12 of the Complaint, and therefore, denies the same and demands strict proof thereof.

13.     CYC is without knowledge or information sufficient to justify a belief as to the truth of the averments of paragraph 13 of the Complaint, and therefore, denies the same and demands strict proof thereof.

14.     CYC is without knowledge or information sufficient to justify a belief as to the truth of the averments of paragraph 14 of the Complaint, and therefore, denies the same and demands strict proof thereof.   To the extent that the averments of paragraph 14 are conclusions of law they are denied.

## COUNT ONE
## BREACH OF CONTRACT
### (Chesapeake Yacht)

CYC incorporates its responses to paragraphs 1 through 14 set forth above as though fully set forth herein.

15.     CYC admits only that a portion of its business involves the sale of recreational vessels. The remaining averments of paragraph 15 are denied as conclusions of law.

16.     CYC admits only that Mr. Port purchased a 2015 55 foot Prestige motor-yacht from CYC subject to the terms and conditions of the Marine Purchase Agreement. CYC is without knowledge or information sufficient to justify a belief as to the truth of the remaining averments of paragraph 16 of the Complaint, and therefore, denies the same and demands strict proof thereof.

17.     The averments of paragraph 17 of Plaintiff's Complaint are denied as conclusions of law.

18.     Denied.

19.     Denied.

PBH543186.1

20.     The averments of paragraph 20 of Plaintiff's Complaint are denied as conclusions of law.

21.     Denied.

**WHEREFORE**, Defendant CYC demands judgment in its favor, together with all other relief the Court deems proper under the circumstances.

## COUNT TWO
## BREACH OF EXPRESS AND IMPLIED WARRANTIES
### (Jeanneau, Prestige and Chesapeake Yacht)

22.     CYC incorporates its responses to paragraphs 1 through 21 set forth above as though fully set forth herein.

23.     To the extent that the averments of paragraph 23 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. CYC denies that it was in the business of manufacturing motor boats for purchase by the public. CYC admits only that a portion of its business involves the sale of recreational vessels. CYC denies the remaining averments of paragraph 23.

24.     To the extent that the averments of paragraph 24 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. CYC denies that CYC provided any warranties, express or implied, to Mr. Port. CYC denies the remaining averments of paragraph 24.

25.     To the extent that the averments of paragraph 25 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof.

PBH543186.1

With respect to CYC, the averments of paragraph 25 of Plaintiff's Complaint are denied as conclusions of law.

26.     To the extent that the averments of paragraph 26 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. CYC denies that CYC provided any warranties, express or implied, to Mr. Port concerning the quality and condition of the Vessel.  CYC is without knowledge or information sufficient to justify a belief as to the truth of the remaining averments of paragraph 26 of the Complaint, and therefore, denies the same and demands strict proof thereof.

27.     To the extent that the averments of paragraph 27 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. CYC denies that CYC provided any warranties, express or implied, to Mr. Port.  The remaining averments of paragraph 27 are denied.

28.     CYC is without knowledge or information sufficient to justify a belief as to the truth of the averments of paragraph 28 of the Complaint, and therefore, denies the same and demands strict proof thereof.

29.     CYC is without knowledge or information sufficient to justify a belief as to the truth of the averments of paragraph 29 of the Complaint, and therefore, denies the same and demands strict proof thereof.

30.     CYC is without knowledge or information sufficient to justify a belief as to the truth of the averments of paragraph 30 of the Complaint concerning any damages allegedly

PBH543186.1

sustained by XL, and therefore, denies the same and demands strict proof thereof.   The remaining averments of paragraph 30 are denied as conclusions of law.

31.     To the extent that the averments of paragraph 26 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. CYC denies the allegations of paragraph 31 directed to CYC.

**WHEREFORE**, Defendant CYC demands judgment in its favor, together with all other relief the Court deems proper under the circumstances.

### COUNT THREE
### NEGLIGENCE
### (Jeanneau, Prestige and Chesapeake Yacht)

32.     CYC incorporates its responses to paragraphs 1 through 31 set forth above as though fully set forth herein.

33.     To the extent that the averments of paragraph 33 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. CYC denies that CYC designed, fabricated or manufactured the Vessel.   CYC denies the remaining averments of paragraph 33.

34.     To the extent that the averments of paragraph 34 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. The averments of paragraph 34 of Plaintiff's Complaint directed to CYC are denied as conclusions of law.

PBH543186.1

35.     To the extent that the averments of paragraph 35 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. The averments of paragraph 35 of Plaintiff's Complaint directed to CYC are denied as conclusions of law.

36.     To the extent that the averments of paragraph 36 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. The averments of paragraph 36 of Plaintiff's Complaint directed to CYC are denied as conclusions of law.

37.     CYC is without knowledge or information sufficient to justify a belief as to the truth of the averments of paragraph 37 of the Complaint, and therefore, denies the same and demands strict proof thereof.

38.     To the extent that the averments of paragraph 38 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. The averments of paragraph 38 of Plaintiff's Complaint directed to CYC are denied.

**WHEREFORE**, Defendant CYC demands judgment in its favor, together with all other relief the Court deems proper under the circumstances.

### COUNT FOUR
### STRICT PRODUCT LIABILITY
#### (Jeanneau, Prestige and Chesapeake Yacht)

39.     CYC incorporates its responses to paragraphs 1 through 38 set forth above as though fully set forth herein.

7

PBH543186.1

40.     To the extent that the averments of paragraph 40 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. CYC denies that CYC was in the business of designing, fabricating or manufacturing recreational motor vessels.   CYC admits that it did sell certain recreational vessels during the relevant period.

41.     CYC is without knowledge or information sufficient to justify a belief as to the truth of the averments of paragraph 41 of the Complaint, and therefore, denies the same and demands strict proof thereof.

42.     To the extent that the averments of paragraph 42 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. The averments of paragraph 42 of Plaintiff's Complaint directed to CYC are denied as conclusions of law.

43.     To the extent that the averments of paragraph 43 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. The averments of paragraph 43 of Plaintiff's Complaint directed to CYC are denied.

44.     To the extent that the averments of paragraph 44 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. The averments of paragraph 44 of Plaintiff's Complaint directed to CYC are denied.

PBH543186.1

45.     To the extent that the averments of paragraph 45 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. The averments of paragraph 45 of Plaintiff's Complaint directed to CYC are denied.

46.     CYC is without knowledge or information sufficient to justify a belief as to the truth of the averments of paragraph 46 of the Complaint, and therefore, denies the same and demands strict proof thereof.

47.     To the extent that the averments of paragraph 47 of the Complaint are directed to parties other than CYC, CYC is without knowledge or information sufficient to justify a belief as to the truth of those averments, and therefore denies the same and demands strict proof thereof. The averments of paragraph 47 of Plaintiff's Complaint directed to CYC are denied.

**WHEREFORE**, Defendant CYC demands judgment in its favor, together with all other relief the Court deems proper under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or claims upon which relief can be granted against Defendant CYC.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, by laches, and/or by waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failure to give proper notice of an alleged defect.

PBH543186.1

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failure to comply with the terms and conditions of the applicable contracts.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the loss was caused by the sole fault or misconduct of Plaintiff's subrogor or by other parties for whom Defendant CYC has no responsibility.

### SIXTH AFFIRMATIVE DEFENSE

The complaint is barred to the extent that any alleged damages resulted from intentional or willful conduct by Plaintiff, Plaintiff's subrogor or Plaintiff's agents.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's subrogor assumed the risk of any alleged damage.

### EIGHTH AFFIRMATIVE DEFENSE

As to the damages allegedly incurred, the nature and extent of which is denied pending production of evidence at trial, any such damages were caused in whole or in part by negligence on the part of Plaintiff, Plaintiff's subrogor or Plaintiff's agents and any recovery must therefore be barred or reduced.

### NINTH AFFIRMATIVE DEFENSE

As to the damages allegedly incurred, the nature and extent of which are denied pending production of evidence at trial, any such damages were caused by persons, entities, or instrumentalities that Defendant CYC had no legal right or duty to control and any recovery is therefore barred.

## TENTH AFFIRMATIVE DEFENSE

To the extent that the alleged damages were aggravated or increased by the conduct of Plaintiff, Plaintiff's subrogor or his agents, the complaint is barred.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has not mitigated its alleged damages, the complaint is barred.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that objects or evidence pertaining to Plaintiff's claims have not been preserved in their original state, or otherwise have been lost, destroyed or altered, the complaint is barred under the doctrine of spoliation of evidence.

## THIRTEENTH AFFIRMATIVE DEFENSE

The complaint is barred in whole or in part by the doctrines of estoppel, waiver, or unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant CYC asserts the benefit of each and every term, condition, clause, notice provision, defense, protection, and limitation contained or incorporated by reference in any and all contracts, rules, regulations, agreements, or statutes applicable to the parties or the subject matter of the complaint, including but not limited to any applicable invoices.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to include as defendants all parties who are necessary and indispensable to the just determination of the claims and defenses involved in the litigation, and therefore Plaintiff's claims are barred.

PBH543186.1

## CROSSCLAIM OF CHESAPEAKE YACHT CENTER

Cross-claimant Chesapeake Yacht Center, LLC (hereinafter "CYC"), without waiver of or prejudice to its responses to the averments of Plaintiff's Complaint, hereby asserts the following Cross-claims against co-defendants Jeanneau America, Inc. (hereafter "Jeanneau") and Prestige Motor Luxury Yachts (hereafter "Prestige"):

1.  If the accident, damages and losses alleged in the Complaint are proven at trial to be true, said alleged accident, damages, allegations, and losses being specifically denied by CYC, then said accident, damages, and losses were caused in whole or in part by the fault, negligence, breaches of warranty (express and/or implied) of Jeanneau and Prestige, and/or by Jeanneau and Prestige's breaches of contractual obligations, and therefore Plaintiff should recover said alleged damages and losses solely from Jeanneau and Prestige, and Jeanneau and Prestige should  indemnify CYC for all counsel fees and expenses incurred in defending this lawsuit.

2.  If it is determined that CYC is liable to Plaintiff for the alleged accident, damages, and losses alleged in the Complaint, said liability, accident, damages, allegations, and losses being specifically denied by CYC, then such liability derives in whole or in part from the fault, negligence and/or breaches of express and/or implied warranties and/or breaches of contractual obligations of Jeanneau and Prestige and, therefore, CYC should be granted recovery over and against, and be indemnified by and/or secure contribution from, Jeanneau and Prestige for all sums so recovered against CYC, inclusive of counsel fees and expenses incurred in defending this action.

PBH543186.1

**WHEREFORE**, Defendant CYC demands judgment in its favor and against Jeanneau America, Inc. and Prestige Motor Luxury Yachts, together with all other relief the Court deems proper under the circumstances.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

By: _-s- Stephen M. Calder_
    Stephen M. Calder
    222 Prince George Street Suite 114.
    Annapolis, MD 21401
    410-267-0010.
    E-mail: scalder@pbh.com

OF COUNSEL:

Michael B. McCauley
Kevin G. O'Donovan
PALMER BIEZUP & HENDERSON LLP
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106

Dated: October 10, 2018

PBH543186.1

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing

Answer of Chesapeake Yacht Center, LLC to Plaintiff's Complaint was served via electronic

filing upon counsel of record as follows:

John H. West, III
West & West, LLC
409 Washington Ave., Suite 1010
Baltimore MD 21204
*Attorneys for Plaintiffs*

Christopher M. Schierloh
Casey & Barnett, LLC
305 Broadway, Suite 1202
New York, NY, 10007
*Attorney for Plaintiffs*

C. Edward Hartman, III
Hartman Attorneys at Law
116 Defense Highway, Suite 300
Annapolis, MD 21401-7047
*Attorney for Jeanneau and Prestige*

PALMER BIEZUP & HENDERSON LLP

By:   -s- *Stephen M. Calder*
Stephen M. Calder

Dated: October 10, 2018

PBH543186.1