UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore)

XL SPECIALTY INSURANCE CO.
a/s/o MICHAEL PORT,

    Plaintiff,

vs.                                    Case No. 1:18-cv-02703-CCB

JEANNEAU AMERICA, INC. *et al.*,

    Defendants.
_____/

## ANSWER OF DEFENDANT JEANNEAU AMERICA, INC. TO CROSSCLAIM OF CHESAPEAKE YACHT CENTER

Jeanneau America, Inc., Defendant (hereinafter referred to as "Jeanneau"), by Hartman, Attorneys at Law, and C. Edward Hartman, III, its attorneys, hereby files this Answer to Crossclaim of Chesapeake Yacht Center, LLC (hereinafter referred to as "Chesapeake Yacht"), and states as follows:

## ANSWER

1. In response to the averments of paragraph 1, Jeanneau denies the averments. Jeanneau denies any and all liability for the claims asserted by Plaintiff in the above-captioned case and any claims asserted by Chesapeake Yacht. Jeanneau incorporates by reference its Answer and Affirmative Defenses to Plaintiff's Complaint herein.

2. In response to the averments of paragraph 2, Jeanneau denies the averments. Jeanneau denies any and all liability for the claims asserted by Plaintiff in the above-captioned case and any claims asserted by Chesapeake Yacht. Jeanneau incorporates by reference its Answer and Affirmative Defenses to Plaintiff's Complaint herein.

3. Chesapeake Yacht is not entitled to any indemnification or contribution from Jeanneau for the damages alleged by Plaintiff in the above-captioned case.

4. To the extent any allegations of the Crossclaim are not expressly admitted, Jeanneau denies said allegations.

**AFFIRMATIVE DEFENSES**

Further answering the Crossclaim and as additional defenses thereto, Jeanneau asserts the following Affirmative Defenses without assuming the burden of proof when such burden would otherwise be on Chesapeake Yacht, and without prejudice to Jeanneau's right to plead additional defenses as discovery into the facts of the matter warrant.

1. Chesapeake Yacht's Crossclaim fails to state a claim upon which relief may be granted.

2. Chesapeake Yacht's claims are barred by the statute of limitations, doctrine of laches, waiver, preemption and estoppel.

3. Pleading in the alternative, Jeanneau would show that the alleged incident made the basis of this lawsuit was proximately caused in whole or in part by the actions and/or the omissions of Chesapeake Yacht, its agents and/or employees. Jeanneau is in no way liable or responsible for the actions and/or omissions of Chesapeake Yacht, its agents and/or employees, and Jeanneau will show that it is in no way liable or responsible for the alleged damages asserted by Plaintiff in this lawsuit. Chesapeake Yacht's claim for contribution and/or indemnification against Jeanneau is barred.

4. Pleading in the alternative, Jeanneau would show that the negligence and/or conduct of Chesapeake Yacht, its agents and/or employees constitute an intervening and/or

superseding cause of Plaintiff's alleged claims of which Jeanneau bears no liability for and had no control over.

5. Pleading in the alternative, Jeanneau would show that the alleged incident made the basis of this lawsuit was proximately caused in whole or in part by some act and/or omission on the part of third persons over whom Jeanneau had no control and for whose actions and/or omissions Jeanneau is in no way liable or responsible. Chesapeake Yacht's claim for contribution and/or indemnification against Jeanneau is barred.

6. Pleading in the alternative, Jeanneau would show that the negligence and/or conduct of third persons constitute an intervening and/or superseding cause of Plaintiff's alleged claims of which Jeanneau bears no liability for and had no control over.

7. Pleading in the alternative, Jeanneau would show that the alleged incident made the basis of this lawsuit was proximately caused in whole or in part by some act and/or omission on the part of the Plaintiff and/or Michael Port over whom Jeanneau had no control and for whose actions and/or omissions Jeanneau is in no way liable or responsible. Chesapeake Yacht's claim for contribution and/or indemnification against Jeanneau is barred.

8. Jeanneau would show that the product in question was not in the same condition at all times relevant to the alleged incident in this lawsuit as it was when it left Jeanneau's control and/or possession. Chesapeake Yacht's claim for contribution and/or indemnification against Jeanneau is barred.

9. Pleading in the alternative and specifically denying liability, Jeanneau would show that Chesapeake Yacht's claims are barred to the extent of any credit or offset for any and all

sums that Plaintiff has received or may receive by way of any settlement arising from the claims at issue in this case.

10. Jeanneau will rely on any and all further defenses that become available or appear during discovery or other proceedings and specifically reserves the right to amend its pleadings to assert any such additional defenses or claims.

11. In the event that this Court or a jury finds in favor of Plaintiff for any damages, Jeanneau is entitled to contribution and/or indemnification from Chesapeake Yacht as set forth in Jeanneau's crossclaim against Chesapeake Yacht.

12. Jeanneau incorporates by reference its Affirmative Defenses to Plaintiff's Complaint herein.

WHEREFORE, Defendant Jeanneau America, Inc. respectfully requests that this Honorable Court enter an Order:

    A. Deny the relief requested in the Crossclaim filed by Chesapeake Yacht Center, LLC;

    B. Dismiss the Crossclaim with prejudice;

    C. Awarding Defendant Jeanneau America, Inc. attorney's fees, expenses and costs to the full extent permitted by law; and

    D. Grant such other and further relief as the nature of this cause may require.

Date: October 16, 2018

        Respectfully submitted,

        HARTMAN, Attorneys at Law

By:    /s/ C. Edward Hartman, III
        C. Edward Hartman, III, Bar No. 07716
        116 Defense Highway, Suite 300
        Annapolis, Maryland 21401-7047
        Telephone: (410) 266-3232
        Facsimile: (410) 266-5561
        Email:    ed@hartman.law
        *Attorneys for Defendant Jeanneau America, Inc.*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of October, 2018, I served a copy of the foregoing Defendant Jeanneau America, Inc's Answer to Crossclaim of Chesapeake Yacht Center by electronic filing, to:

John H. West, III
West & West, LLC
409 Washington Ave, Ste. 1010
Baltimore, Maryland 21204
jwest@westandwestllc.com
*Attorney for Plaintiff*

Christopher M. Schierloh
Casey and Barnett, LLC
305 Broadway, Ste. 1202
New York, New York 10007
cms@caseybarnett.com
*Attorney for Plaintiff*

Stephen M. Calder
Palmer Biezup and Henderson, LLP
190 N. Independence Mall West, Ste. 401
Philadelphia, Pennsylvania 19106
scalder@pbh.com
*Attorney for Defendant Chesapeake Yacht Center, LLC*

/s/ C. Edward Hartman, III
C. Edward Hartman, III, Bar No. 07716